**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **DOROTEO MEZA BRACAMONTES and MARTIN MEZA GONZALEZ, individually and D/B/A ROSY'S FISH CITY,** <br><br> **Defendants.** | **Case No.: 11-CV-03713 YGR** <br><br> **ORDER RE: MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT** |

The Court has reviewed Plaintiff J&J Sports Production, Inc.'s ("J&J Sports") Motion for Default Judgment (Dkt. No. 17); Magistrate Judge Nathanael Cousins' Report and Recommendation to Grant Plaintiff's Motion for Default Judgment (Dkt. No. 22); Plaintiff's Motion for Leave to File Objections to Report and Recommendation (Dkt. No. 23); Plaintiff's Objections to the Report and Recommendation (Dkt. No. 23-3); and Plaintiff's Motion for *De Novo* Determination (Dkt. No. 23-4).

As set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Default Judgment. The Court **GRANTS** Plaintiff's Motion for Leave to File Objections and has considered Plaintiff's Objections to the Report and Recommendation. Plaintiff has leave to file an Amended Motion for Default Judgment, which shall be **REFERRED** back to Magistrate Judge Nathanael Cousins for Report and Recommendation.

I. **BACKGROUND**

J&J Sports alleges that Defendants unlawfully intercepted a program to which J&J Sports owned the exclusive nationwide distribution rights titled: *Fight of the Year: The Rematch! Juan Manuel Marquez v. Juan Diaz* (the "Program"). (Complaint ¶ 10.) The Program included the main event between Juan Manuel Marquez and Juan Diaz, along with undercard bouts, televised replay, and color commentary. (*Id.*) Plaintiff's investigator went to Defendants' restaurant, Rosy's Fish City, on the night of the boxing match, July 31, 2010, and watched "the ending between Joel Casamayor and Roberto Guerrero," and saw "several clips of Marquez and Diaz." (J&J Sport's Mot., Attach. 3, Gravelyn Decl. at 2. Report and Recommendation at 6-7.)

II. **ANALYSIS**

The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1); see also Civ. L.R. 72-3(a) (requiring that any objections be accompanied by a motion for de novo determination).

*a)    Objections to Findings of Fact*

Judge Cousins found that the in light of the fact that J&J Sport's investigator did not view the Marquez v. Diaz bout, it "cast doubt on J&J Sports' allegation that the program exhibited by defendants was the one identified in the complaint." (Report at 6.) J&J Sports objects to the conclusion that the specific fight observed by Plaintiff's investigator was not part of the Program and requests that this Court "hold that the particular fight observed by the investigator was part of the *Program*." (Dkt. No. 23-4 at 4-5.) There is no evidence in the record that the Casamayor v. Guerrero fight was an undercard to Marquez v. Diaz. The Court finds the Report correct with respect to this finding, and therefore, adopts Judge Cousins' findings of fact.

*b)    Objections to Damages Award*

Judge Cousins still recommends entering a default judgment against Defendants, but because of the doubt as to whether Defendants actually exhibited the Program, felt that J&J Sport's requested damages award was unsupported. (See Report 6-8.) On this basis, Judge Cousins awarded $2400 instead of the $111,200 J&J Sports requested. Plaintiff objects to the damages award.

Based upon J&J Sport's failure to establish a fact material to each of its causes of action, the Court finds that J&J Sports is not entitled to any damages.

### III.  CONCLUSION

Therefore, the Court Orders as follows:

Plaintiff's Motion for Leave to File Objections to Report and Recommendation (Dkt. No. 23) is **GRANTED**.

Plaintiff's Motion for Default Judgment (Dkt. No. 22) is **DENIED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.

Within fourteen days of the date this Order is filed Plaintiff may file an *Amended* Motion for Default Judgment to provide evidence that Defendants aired the Program.

That Motion is **REFERRED** back to Magistrate Judge Nathanael Cousins for Report and Recommendation.

This Order Terminates Docket Numbers 17, 22 & 23.

**IT IS SO ORDERED.**
**Date: September 4, 2012**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**