**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,**<br><br>    Plaintiff,<br><br>    vs.<br><br>**DOROTEO MEZA BRACAMONTES and MARTIN MEZA GONZALEZ, individually and D/B/A ROSY'S FISH CITY,**<br><br>    Defendants. | **Case No.: 11-CV-03713 YGR**<br><br>**ORDER RE: MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; GRANTING AMENDED PETITION FOR DEFAULT JUDGMENT** |

Plaintiff J & J Sports Productions, Inc. ("J&J Sports") moves for entry of a default judgment against Defendants Doroteo Meza Bracamontes and Martin Meza Gonzalez d/b/a Rosy's Fish City ("Defendants"). (*See* Amended Application for Default Judgment, Dkt. No. 25.) J&J Sports' Amended Application for Default Judgment was referred to Magistrate Judge Nathanael Cousins for Report and Recommendation. Magistrate Judge Cousins recommends that the Court grant Plaintiff's Amended Application for Default Judgment. (Dkt. No. 28.)

Plaintiff has filed an objection to and Motion for *De Novo* Determination of Magistrate Judge Cousins' Report and Recommendation ("Report").

Having carefully considered the Report (Dkt. No. 28), the Objections to the Report (Dkt. No. 29) and Motion for *De Novo* Determination (Dkt. No. 29-1), the Amended Application for Default Judgment (Dkt. No. 25), the papers submitted in support of Plaintiff's Motions and Objections, and the Complaint in this action (Dkt. No. 1), for the reasons set forth below, the Court hereby

**OVERRULES** Plaintiff's objections, **ADOPTS** the Report, and **GRANTS** Plaintiff's Amended Application for Default Judgment.

**I.  BACKGROUND**

J&J Sports alleges that Defendants unlawfully intercepted a program to which J&J Sports owned the exclusive nationwide distribution rights, titled: *Fight of the Year: The Rematch! Juan Manuel Marquez v. Juan Diaz* (the "Program"). (Complaint ¶ 10.) The Program included the main event between Juan Manuel Marquez and Juan Diaz, along with undercard bouts, televised replay, and color commentary. (*Id.*) Plaintiff's investigator went to Defendants' restaurant, Rosy's Fish City, on the night of the boxing match, July 31, 2010, and watched "the ending between Joel Casamayor and Roberto Guerrero," which was part of the undercard, and saw "several clips of Marquez and Diaz." (J&J Sport's Mot., Attach. 3; Gravelyn Dec. at 2; Supplemental Gagliardi Affidavit ¶ 4(b).) Plaintiff's investigator states he observed the Program on three television sets, did not see a cable box, but noted that Rosy's Fish City has a satellite dish. (Gravelyn Dec. at 2.) In his affidavit, Plaintiff's investigator estimated the capacity of Rosy's Fish City to be 75, and states that he conducted three headcounts and observed 49, 50, and 50 customers in the restaurant. (*Id.*)

Plaintiff filed this lawsuit on July 28, 2011, alleging that Defendants' unauthorized interception of the Program violated 47 U.S.C. § 605 (Count I) and 47 U.S.C. § 553 (Count II); was conversion (Count III); and violated California Business and Professions Code § 17200 (Count IV). Defendants were served on September 27, 2011. (*See* Dkt. No. 5, 6.) Defendants failed to respond to the Complaint and Plaintiff requested entry of default, which the Clerk of Court entered on December 19, 2011. (Dkt. Nos. 12, 13.)

Plaintiff filed an original Application for Entry of Default Judgment, which was referred to Judge Cousins for Report and Recommendation. In his original Report and Recommendation, Judge Cousins recommended granting the motion for default judgment, but because there was doubt as to whether Defendants actually exhibited the Program, recommended the Court award $2,400.00 in damages. (*See* Dkt. No. 22.) The Court denied Plaintiff's original Application for Entry of Default because Plaintiff failed to provide evidence that the fight observed by its investigator was part of the

2

1  Program's undercard.  Such denial was without prejudice and with leave to amend the motion for
2  default judgment to provide evidence that the Defendants aired the Program.
3        On September 18, 2012, Plaintiff filed an Amended Application for Default Judgment, which
4  seeks judgment on Plaintiff's claims for violation of 47 U.S.C. § 605 and 47 U.S.C. § 553, and for
5  common law conversion.  The matter was referred to Magistrate Judge Cousins for Report and
6  Recommendation.  Judge Cousins recommends granting the amended application for default
7  judgment, and awarding Plaintiff $2,400.00 in damages.  Plaintiff filed timely objections and a
8  Motion for *De Novo* Determination.

## II. LEGAL STANDARD

A district court judge may refer a matter to a magistrate judge to issue findings of fact and recommendations for the disposition of the matter.  28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b)(1); Civ. L.R. 72-3.  Within fourteen days of service of the proposed findings and recommendations, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."  28 U.S.C. § 636(b) (1); *see* Fed. R. Civ. P. 72(b).  Civ. L.R. 72-3(a), requires that an objection to a magistrate judge's recommendation on a dispositive matter must be made as a motion for *de novo* determination specifically identifying the portions of the magistrate judge's findings, recommendations or report to which objection is made and the reasons and authority therefore.  Civ. L.R. 72-3(a).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b) (1).  The district court must "make a *de novo* determination of those portions of the report to which objection is made."  *Id.  De novo* review means the Court must consider the matter anew, as if no decision previously had been rendered, and come to its own conclusion about those portions of the magistrate judge's recommendation to which objection is made.  *Ness v. Commissioner of Internal Revenue Service*, 954 F.2d 1495, 1497 (9th Cir. 1992).  For those portions of the report to which no objection is made, factual findings are reviewed for clear error and legal conclusions are reviewed to determine if they are contrary to law.  *Quinn v. Robinson*, 783 F.2d 776, 791 (9th Cir. 1986).  Findings of fact are "clearly erroneous" if the district court is left with a "definite and firm conviction that a mistake has

been committed." *Sana v. Hawaiian Cruises, Ltd.*, 961 F. Supp. 236, 238 (D. Haw. 1997) (citing *Burdick v. Commissioner*, 979 F.2d 1369, 1370 (9th Cir. 1992)). A legal conclusion is "contrary to law" if the magistrate judge applies the wrong legal standard or fails to consider an element of the applicable standard. *See Hunt v. National Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir. 1989); *Conant v. McCoffey*, 97-CV-0139 FMS, 1998 WL 164946, *2 (N.D. Cal. Mar. 16, 1998).

## III. ANALYSIS

### A. WHETHER ENTRY OF DEFAULT IS PROPER.

Plaintiff does not object to the entry of default judgment or to the award of conversion damages.[1] In exercising its discretion to enter default judgment, the Court may consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Magistrate Judge Cousins applied the correct legal standard and the Court agrees with his application of the *Eitel* factors to the facts of this case. Accordingly, the Court finds that entry of default judgment is proper.

### B. PLAINTIFF'S OBJECTIONS.

Magistrate Judge Cousins recommends that the Court award $1,200.00 in statutory damages but not award enhanced damages. J&J Sports moves for a *de novo* determination of the recommended award of damages. Specifically, J&J Sports argues: (1) the award of statutory damages fails to consider adequately the need for deterrence; and (2) it should be awarded enhanced damages.

#### 1. *Appropriate Award of Statutory Damages Under 47 U.S.C. § 605.*

Under 47 U.S.C. § 605(e)(3)(C)(i), an aggrieved party may recover actual damages or statutory damages of no less than $1,000.00 or more than $10,000.00 for each violation. Judge

---

[1] The Motion for Default Judgment does not request judgment on Plaintiff's claim for violation of California Business & Professions Code § 17200, which claim Magistrate Judge Cousins considered abandoned. Plaintiff does not object to this finding, which the Court **ADOPTS**.

4

Cousins found that awarding statutory rather than actual damages was appropriate and recommends awarding $1,200.00 in statutory damages because that is the cost of a license. Plaintiff objects to the recommended statutory damages award on the grounds that it fails to account for deterrence.

Plaintiff argues that a total damages award of $2,400.00—comprised of $1,200.00 in statutory damages and $1,200.00 in conversion damages—does not serve as an effective deterrent. According to Plaintiff, the recommended statutory damage award of $1,200.00 is too low because it only is $200.00 more than the statutory minimum and is equal to the fee for licensing the Program. Under these circumstances, and taking into account the need to deter future violations by Defendants and others, the Court finds that a total damages award equal to twice the price Defendants would have had to pay to lawfully purchase the Program is an adequate deterrent.

After *de novo* review, the Court agrees with Magistrate Judge Cousins that $1,200.00 is an appropriate award of statutory damages. Therefore, the Court **OVERRULES** J&J Sports' Objection and **ACCEPTS** Magistrate Cousins' recommendation to award statutory damages of $1,200.00.

    *2.    Appropriate Award of Enhanced Damages.*

If "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," the Court may enhance damages by up to $100,000.00. 47 U.S.C. § 605(e)(3)(C)(ii). Judge Cousins found that, although there was evidence of willfulness, it was not clear that the Defendants commercially benefitted from the Program. Plaintiff objects on the grounds that the Court can make this factual finding without proof.

First, J&J Sports argues that all allegations in the complaint have been admitted by way of default. (Motion 9.) By defaulting, the Defendants have admitted the well-pled factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).[2] "[A]llegations that parrot the language" of the statute that the defendants allegedly violated, "are not well-pleaded facts; they are simply [Plaintiff's] legal conclusions, which a [defendant is] not held to have admitted through default." *See DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*,

---

[2] "Effect of Failing to Deny. An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." Fed. R. Civ. P. 8(b)(6).

515 F.2d 1200, 1206 (5th Cir. 1975)).  The pertinent allegations here are that the satellite interception "was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain."  (*Compare* Complaint ¶ 14 *with* 47 U.S.C. § 605(e)(3)(C)(ii) ("violation was willfully and for purposes of direct or indirect commercial advantage or private financial gain") .)  These "are not well-pleaded facts; they are simply [J&J Sports'] legal conclusions, which [Defendants] are not held to have admitted through default."  *DirecTV*, *supra*, 503 F.3d at 854 (9th Cir. 2007) (citing Fed. R. Civ. P. 55(a)).

Next, Plaintiff cites two court decisions to argue, in essence, that the Court can conclude that the Defendants acted "for commercial advantage or private financial gain" without evidence.  The decisions referenced do not stand for this proposition.  In the first decision, *Joe Hand Promotions, Inc. v. Ho*, 09-CV-01435 RMW, 2009 WL 3047231, at *1 (N.D. Cal. Sep. 18, 2009), although there was no evidence that defendants advertised, charged a cover charge or had a minimum purchase requirement, there was a sign advertising "Grand Opening," and the judge found that "[t]hese facts suggest, albeit marginally, that defendants acted willfully for commercial advantage and financial gain."  This issue was not addressed at all in the second decision, *J & J Sports Productions, Inc. v. Marcaida*, 10-CV-5125 SC, 2011 WL 2149923 (N.D. Cal. May 31, 2011).

Here, although there were approximately 50 patrons present and the Program was airing on three television sets, Defendants did not impose a cover charge, Plaintiff presented no evidence that Defendants increased the price of food or drink, advertised the Program, that the number of patrons present was greater than normal, or that Defendants were repeat offenders.  Plaintiff does not proffer any evidence to show that these Defendants intercepted the Program for commercial advantage or private financial gain.  Instead, Plaintiff refers to a declaration of its President who explains why such facts may be absent even where a Program is intercepted for commercial gain.  This, however, does not demonstrate that the Defendants in this case intercepted the Program for commercial advantage or private financial gain.[3]

---

[3] Plaintiff also complains that Judge Cousins recommended the same damages award in both Reports even though, in the original Report, Judge Cousins reduced the recommended award because there was doubt as to whether the Defendants actually exhibited the Program.  Plaintiff argues that Judge Cousins should have increased the recommended award since Plaintiff now has offered evidence that Defendants aired the Program.  Judge Cousins was under no obligation to raise the award simply because Plaintiff cured an error in his

6

After *de novo* review, the Court **OVERRULES** J&J Sports' Objection and **ACCEPTS** Magistrate Cousins' recommendation not to award enhanced damages.

## IV.  CONCLUSION

Therefore, the Court Orders as follows:

Plaintiff's Motion for *De Novo* review is **GRANTED** to the extent it seeks *de novo* review of the Report and Recommendation but the motion is **DENIED** to the extent it seeks modification of the Report and Recommendation.

The Court **ACCEPTS** Magistrate Judge Cousins' Report and Recommendation (Dkt. No. 28).

Plaintiff's Amended Application for Default Judgment (Dkt. No. 25) is **GRANTED**.

The Court will enter judgment by separate Order.

This Order Terminates Docket Numbers 25 & 28.

**IT IS SO ORDERED.**

3/19/13

                                         **YVONNE GONZALEZ ROGERS**
                                         **UNITED STATES DISTRICT COURT JUDGE**

---

original motion. Even so, the Court declined to adopt that original recommendation. Now that Plaintiff has offered evidence to support a material element of its claim, the Court finds that the recommended award is appropriate.